UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jarvis Killingsworth,                              Case No. 3:23-cv-1372

         Plaintiff

v.                                         MEMORANDUM OPINION
                                                     AND ORDER

Lima Police Department, *et al.*,

         Defendants

## I.      BACKGROUND

*Pro se* plaintiff Jarvis Killingsworth, a state prisoner, has filed a civil rights complaint in this case under 42 U.S.C. § 1983 against six defendants: Lima Police Detective Matt Boss; Patrolmen Cory Noftz, Justin Halker, and Austin Michael; Sergeant George Caldwell; and Lima Police SRO Dantae Barginere. (Doc. No. 1 at 2, 3, and 4, ¶ I.B.) By separate order, I have granted Plaintiff leave to proceed *in forma pauperis*.

Plaintiff's complaint pertains to his 2019 criminal conviction in Allen County in *State of Ohio v. Killingsworth*, No. CR 2019-0045. A jury found Plaintiff guilty of one count of robbery and one count of kidnapping in the case in connection with events that occurred on January 20, 2019. The trial court sentenced him to 8 years in prison on count one and eight years in prison on count two.

Plaintiff filed a notice of appeal, along with an appeal in an unrelated criminal case that was consolidated with his appeal for purposes of briefing and argument. In March 2020, the Ohio Court

1

of Appeals affirmed Plaintiff's convictions and sentences. *State of Ohio v. Killingsworth*, Nos. 1-19-27, 1-19-28, 2020 WL 995825 (Ohio App. 3d Dist. Mar. 2, 2020).

In his complaint, plaintiff seeks damages ("$500 Billion Dollars Cash and Surety") and the "dismissal to all charges in the Case No. CR-20190045," (*id.* at ¶ VI), generally contending his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments were violated in connection with his arrest, prosecution, and conviction. His complaint, however, does not set forth cogent, specific allegations with respect to his claims and each of the defendants. In the portion of his complaint where he was asked to state the facts underlying his claims, he states:

> On 1/20/19 I was unlawfully detained and arrested from home and wrongfully charged of robbery (F2) as officers violated 4 amendment rights arresting me without physical evidence forging me under perjury for offense to be held under excessive bond and wrongfully convicted and sentenced under perjury and perjured testimonies.

(Doc. No. 1 at 7, ¶ IV.D.)

## II.  DISCUSSION

Although *pro se* pleadings are generally construed liberally and held to less stringent standards than formal pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements and courts are not required to conjure allegations or construct claims on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).

Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a complaint must set forth sufficient factual matter,

accepted as true, to state claim to relief that is plausible on its face. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard established in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), governs dismissals of *in forma pauperis pro se* prisoner complaints under 28 U.S.C. § 1915(e)(2)(B)). Detailed allegations are not required, but a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Upon review, I find that Plaintiff's complaint must be dismissed.

First, Plaintiff's complaint fails to state a plausible claim to the extent he seeks to overturn his criminal conviction, or for a "dismissal" of the charges against him. A civil rights action under § 1983 is not the appropriate mechanism for a person in state custody to challenge the legality of a conviction or sentence. Rather, "[t]he proper vehicle to challenge a conviction is through the state's appellate procedure and, if that fails, habeas relief under 28 U.S.C. § 2254." *Jackim v. City of Brooklyn*, No. 1:05-cv-1678, 2010 WL 4923492, at *4 (N.D. Ohio Nov. 29, 2010) (citation and quotation marks omitted). Accordingly, to the extent Plaintiff seeks to overturn or "dismiss" his conviction or sentence, his sole federal remedy is a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Second, Plaintiff's complaint fails to allege a plausible claim under § 1983 to the extent he seeks damages. The Sixth Circuit "has consistently held that damage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right." *Terrance v. Northville Reg. Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002); *see also Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012) ("'damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each

3

defendant did . . .'") (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)). Plaintiff's complaint fails to allege such facts.

Where, as here, a plaintiff merely lists the names of defendants in the caption of his complaint but fails to allege cogent facts in the body of his complaint how each was personally involved in the rights violations he alleges, his complaint is subject to summary dismissal even under the lenient standard accorded *pro se* plaintiffs. *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of complaint that did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of federal rights).

*Pro se* pleadings are liberally construed, but *pro se* plaintiffs must still satisfy basic pleading requirements and courts are not required to conjure allegations or create claims for them. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

Finally, Plaintiff has no cognizable claim under § 1983 to the extent his claims imply the invalidity of his conviction or sentence in his criminal case. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that where success in a prisoner's § 1983 damages action would imply the invalidity of his conviction or sentence, the prisoner has no cognizable § 1983 claim unless he first shows that his conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Without demonstrating such favorable termination, a plaintiff's complaint is subject to dismissal. *See, e.g., Woods v. State of Ohio*, 8 F. App'x 506, 507 (6th Cir. 2001) (affirming sua sponte dismissal of prisoner complaint in which prisoner asserted "a direct attack on the methods used to convict him" by alleging that prosecutor,

prosecution's expert witness, and the victim conspired to secure his conviction because he did not show that his conviction has been reversed, expunged, declared invalid, or otherwise called into question as stated in *Heck*); *Wheat v. Ohio*, 23 F. App'x 441, 443 (6th Cir. 2001) (affirming dismissal of § 1983 prisoner complaint where prisoner's claims were "essentially a collateral attack" upon his state criminal convictions for rape and gross sexual imposition, and he did not contend that his convictions had been reversed, overturned, or questioned by either an Ohio state court or federal habeas corpus).

Plaintiff's claims purport to challenge the validity of his arrest, prosecution, and conviction in a criminal case, but he has not alleged or demonstrated that that his convictions or sentences have been invalidated or called into question in any of the ways stated in *Heck*. As noted above, his convictions were affirmed by the Ohio Court of Appeals. And he indicates that the Ohio Court of Claims previously dismissed a case he filed there arising from the same facts. (*See* Doc. No. 1 at 11, ¶ VIII.B, citing *Killingsworth v. ODRC*, Case No 23-00332 (Ohio Ct. Cl.)). Therefore, his complaint fails to state a plausible § 1983 claim for this reason as well.

### III. CONCLUSION

For all of the foregoing reasons, I dismiss Plaintiff's complaint for failure to state a clam in accordance with 28 U.S.C. § 1915(e). I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

    s/ Jeffrey J. Helmick
United States District Judge